IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| EILEEN FOX-QUAMME, individually and on behalf of all others similarly situated; LISA HESS, individually and on behalf of all others similarly situated; MARY REDFIELD, individually and on behalf of all others similarly situated; O.W., a minor child, individually and on behalf of all others similarly situated; JEFF CLARK, individually and on behalf of all others similarly situated; and LEIGH ANN CHAPMAN, individually and on behalf of all others similarly situated,<br><br>            Plaintiffs,<br><br>v.<br><br>HEALTH NET HEALTH PLAN OF OREGON, INC., an Oregon corporation, and AMERICAN SPECIALTY HEALTH GROUP, INC., a California corporation,<br><br>            Defendants. | 3:15-cv-01248-BR<br><br>ORDER |

BROWN, Judge.

    This matter comes before the Court on the Motion (#41) to Dismiss First Amended Class Action Allegation Complaint filed by

1 - ORDER

Health Net Health Plan of Oregon and the Motion (#42) to Dismiss First Amended Class Action Complaint filed by American Specialty Health Group.  In their Motions Defendants contend this Court must dismiss Claim Three in Plaintiffs' First Amended Class Action Complaint (#38) because Claim Three fails to state a claim on which relief can be granted and Plaintiffs lack standing to obtain the declaratory relief sought.  After a thorough review of the pleadings, the Court concludes oral argument is not necessary to resolve these Motions and, accordingly, **STRIKES** the oral argument set for May 9, 2016, at 1:30 p.m.  The Court directs the parties to be prepared at that time to conduct the scheduling conference set for that day.

    In Claim Three Plaintiffs Jeff Clark and Leigh Ann Chapman (collectively referred to as the Provider Plaintiffs), two licensed naturopathic physicians, seek a declaration that certain terms in contracts between Health Net and American Specialty violate 42 U.S.C. § 300gg-5 because those terms illegally discriminate against naturopathic doctors and, therefore, are void.  The Provider Plaintiffs are only named in Claim Three. Although the Provider Plaintiffs contend the contracts between Defendants violate § 300gg-5, which is part of the Employee Retirement Income Security Act (ERISA), the Provider Plaintiffs concede they do not have a private right of action under ERISA and instead contend Plaintiffs' Claim Three arises pursuant to

2 - ORDER

the Declaratory Judgment Act, 28 U.S.C. § 2201.

It is well-settled, however, that the Declaratory Judgment Act does not create a stand-alone cause of action.  *See Franchise Tax Bd. Of State of Cal. v. Constr. Laborers Vacation trust for S. California*, 463 U.S. 1, 15 (1983)("'[T]he operation of the Declaratory Judgment Act is procedural only.'")(quoting *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 70 S.Ct. 876, 94 L.Ed. 1194 (1950)).  *See also Graham v. U.S. Bank, Nat'l Assn.*, No. 3:15-cv-0990-AC, 2015 WL 10322087, at *13 (D. Or. Dec. 2, 2015)("The Declaratory Judgment Act . . . does not create a cause of action; instead, it creates a remedy for existing causes of action.").  The Provider Plaintiffs, nonetheless, contend they have a cause of action as to Claim Three because they are third-party beneficiaries of the contract between Health Net and American Specialty.  Even if the Provider Plaintiffs could establish they were third-party beneficiaries, however, such a claim could only arise under ERISA, (which, as noted, Provider Plaintiffs concede does not provide them with a cause of action) or under some other unpled, state-law cause of action over which this Court would not have jurisdiction.[1]  Accordingly, because the Declaratory Judgment Act does not create a stand-alone cause

---

[1] There does not exist diversity between the parties, and, in any event, the Court would not exercise supplemental jurisdiction over Claim Three because it is factually and legally distinct from Claims One and Two, which are brought by Plaintiffs who are not similarly situated.

3 - ORDER

of action, the Court concludes Claim Three fails to state a claim.

The Court previously dismissed a materially identical Claim Three in Plaintiffs' original Complaint (#1) for the same reason and, by Order (#32) issued January 7, 2016, provided Plaintiffs with an opportunity to re-plead for the purpose of specifically identifying "the cause of action each of the service-provider Plaintiffs rely on to justify the declaratory relief that they seek." Because Plaintiffs have failed to identify a viable cause of action as to Claim Three after being provided with the opportunity to amend their Complaint, the Court concludes any further opportunity to amend would be futile.

Accordingly, on this record the Court **GRANTS** the Motion (#41) to Dismiss First Amended Class Action Allegation Complaint filed by Health Net Health Plan of Oregon and the Motion (#42) to Dismiss First Amended Class Action Complaint filed by American Specialty Health Group and **DISMISSES** Plaintiffs' Claim Three **with prejudice**.

IT IS SO ORDERED.

DATED this 29th day of April, 2016.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge

4 - ORDER