IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EILEEN FOX-QUAMME, individually       3:15-cv-01248-BR
and on behalf of all others
similarly situated; LISA HESS,        OPINION AND ORDER
individually and on behalf of all
others similarly situated; MARY
REDFIELD, individually and on
behalf of all others similarly
situated; O.W., a minor child,
individually and on behalf of all
others similarly situated; JEFF
CLARK, individually and on behalf
of all others similarly situated;
and LEIGH ANN CHAPMAN,
individually and on behalf of all
others similarly situated,

        Plaintiffs,

   v.

HEALTH NET HEALTH PLAN OF OREGON,
INC., an Oregon corporation, and
AMERICAN SPECIALTY HEALTH GROUP,
INC., a California corporation,

        Defendants.

THOMAS K. DOYLE
RICHARD B. MYERS
Bennett, Hartman, Morris & Kaplan, LLP
210 S.W. Morrison St., Suite 550
Portland, OR 97204
(503) 227-4600

      Attorneys for Plaintiffs

1 - OPINION AND ORDER

**STEVAN D. PHILLIPS**
**BRAD S. DANIELS**
**REED W. MORGAN**
Stoel Rives LLP
760 S.W. Ninth Ave., Suite 3000
Portland, OR 97205
(503) 224-3380

        Attorneys for Defendant Health Net Plan of Oregon, Inc.

**KERRY J. SHEPHERD**
**HARRY B. WILSON**
Markowitz Herbold PC
1211 S.W. Fifth Ave., Suite 3000
Portland, OR 97204
(503) 295-3085

**ELIZABETH MANN**
**ANDREW Z. EDELSTEIN**
Mayer Brown LLP
350 South Grand Ave., 25th Floor
Los Angeles, CA 90071
(213) 229-9500

                Attorneys for Defendant American Specialty Health
                Group, Inc.

**BROWN, Judge.**

        This matter comes before the Court on Plaintiffs' Motion

(#62) for Class Certification and the Motions (#80, #81) to

Strike Certain Evidence in Support of Plaintiffs' Reply by

Defendants Health Net Health Plan of Oregon and American

Specialty Health Group (ASH).

        For the reasons that follow, the Court **DENIES** Plaintiffs'

Motion for Class Certification and **DENIES as moot** Defendants'

Motions to Strike.

2 - OPINION AND ORDER

**BACKGROUND**

On July 7, 2015, Plaintiffs filed a Class Action Allegation
Complaint (#1) in which they allege Defendants violated § 2706 of
the Patient Protection and Affordable Care Act (ACA)(codified at
42 U.S.C. § 300gg-5).

On September 9, 2015, Defendants each filed a Motion to
Dismiss Plaintiffs' Complaint on the grounds that Plaintiffs
lacked standing, failed to state a claim, and failed to join a
necessary party.

On January 7, 2016, following oral argument, the Court
dismissed Plaintiffs' Complaint on the ground that Plaintiffs
failed to allege sufficient facts to state a claim and granted
Plaintiffs leave to amend their Complaint.

On February 26, 2016, Plaintiffs filed their First Amended
Class Action Allegation Complaint (FAC)(#38) alleging three
claims against Defendants.  In Claim One Plan Participant
Plaintiffs Eileen Fox-Quamme, Lisa Hess, Mary Redfield, and O.W.
seek recovery of benefits, enforcement of terms, and
clarification of terms pursuant to 29 U.S.C. § 1132(a)(1)(B)
based on Defendants' alleged violation of § 2706 of the ACA for
discrimination against naturopathic physicians with respect to
participation in or coverage of services under the health-care
plans issued and administered by Defendants.  In Claim Two Plan
Participant Plaintiffs seek injunctive and equitable relief

3 - OPINION AND ORDER

pursuant to 29 U.S.C. § 1132(a)(3) also based on Defendants'
alleged violation of § 2706 of the ACA for discrimination against
naturopathic physicians with respect to participation in or
coverage of services under the health-care plans issued and
administered by Defendants.  In Claim Three Practitioner
Plaintiffs Jeff Clark and Leigh Ann Chapman seek declaratory
judgment pursuant to 28 U.S.C. § 2201 on the ground that the
contracts between Defendants contain provisions that violate
§ 2706 of the ACA, and those provisions are, therefore,
unenforceable.

On March 18, 2016, Defendants filed further Motions (#41,
#42) to dismiss Practitioner Plaintiffs' Claim Three for lack of
standing.  On April 29, 2016, the Court granted those Motions by
Order (#49) and dismissed both Practitioner Plaintiffs and their
Third Claim.

On September 30, 2016, Plan Participant Plaintiffs
(hereinafter referred to as Plaintiffs) filed a Motion for Class
Certification.  In their Motion Plaintiffs seek certification of
a class of persons "who at any time from January 1, 2014, through
the present were enrolled in an employer-issued health plan
administered by Health Net Health Plan of Oregon."

On December 13, 2016, Defendants filed Motions to Strike
Certain Evidence submitted in support of Plaintiffs' Motion for
Class Certification.

4 - OPINION AND ORDER

## STANDARDS

Federal Rule of Civil Procedure 23 governs class

certification and provides:

(a)   Prerequisites.  One or more members of a class may
      sue . . . as representative parties on behalf of
      all members only if:

    (1)   the class is so numerous that joinder of all
       members is impracticable;

    (2)   there are questions of law or fact common to
       the class;

    (3)   the claims or defenses of the representative
       parties are typical of the claims or defenses
       of the class; and

    (4)   the representative parties will fairly and
       adequately protect the interests of the
       class.

(b)   Types of Class Actions.  A class action may be
      maintained if Rule 23(a) is satisfied and if:

              * * *

    (3)   the court finds that the questions of law or
       fact common to class members predominate over
       any questions affecting only individual
       members, and that a class action is superior
       to other available methods for fairly and
       efficiently adjudicating the controversy.
       The matters pertinent to these findings
       include:

        (A)   the class members' interests in
           individually controlling the prosecution
           or defense of separate actions;

        (B)   the extent and nature of any litigation
           concerning the controversy already begun
           by or against class members;

5 - OPINION AND ORDER

> (C) the desirability or undesirability of
> concentrating the litigation of the
> claims in the particular forum; and
>
> (D) the likely difficulties in managing a
> class action.

In *Wal-Mart Stores, Inc. v. Dukes* the United States Supreme

Court addressed class-action certification and set out general

standards under Rule 23:

> The class action is "an exception to the usual rule
> that litigation is conducted by and on behalf of the
> individual named parties only." *Califano v. Yamasaki*,
> 442 U.S. 682, 700-701 (1979). In order to justify a
> departure from that rule, "a class representative must
> be part of the class and 'possess the same interest and
> suffer the same injury' as the class members." *East
> Tex. Motor Freight System, Inc. v. Rodriguez*, 431 U.S.
> 395, 403 (1977)(quoting *Schlesinger v. Reservists Comm.
> to Stop the War*, 418 U.S. 208, 216 (1974)). Rule 23(a)
> ensures that the named plaintiffs are appropriate
> representatives of the class whose claims they wish to
> litigate. The Rule's four requirements — numerosity,
> commonality, typicality, and adequate representation —
> "effectively 'limit the class claims to those fairly
> encompassed by the named plaintiff's claims.'" *General
> Telephone Co. of Southwest v. Falcon*, 457 U.S. 147, 156
> (1982)(quoting *General Telephone Co. of Northwest v.
> EEOC*, 446 U.S. 318, 330 (1980)).

564 U.S. 338, 348 (2011).

The decision to grant or to deny class certification is

within the discretion of the trial court. *Bateman v. Am. Multi-

Cinema, Inc.*, 623 F.3d 708, 712 (9th Cir. 2010). The plaintiff

has the burden to comply with Federal Rule Civil Procedure 23.

*Narouz v. Charter Commc'ns, LLC*, 591 F.3d 1261, 1266 (9th Cir.

2010). A class may be certified only if the court is satisfied

"after a rigorous analysis that the prerequisites of Rule 23(a)

6 - OPINION AND ORDER

have been satisfied." *Wal-Mart*, 564 U.S. at 350-51 (citing *Gen. Tel. Co. of S.W. v. Falcon*, 457 U.S. 147, 161 (1982)).  A class may be certified as to one or more claims without certifying the entire complaint.  Fed. R. Civ. P. 23(c)(4).

The court must determine whether certification is based on actual as opposed to presumed compliance with the requirements of Rule 23.  *Wal-Mart*, 564 U.S. at 350 (citing *Falcon*, 457 U.S. at 160).  Because Rule 23 "is not a mere pleading standard," a party seeking class certification "must affirmatively demonstrate compliance with the Rule."  *Wal-Mart,* 564 U.S. at 351.  This inquiry may in some cases overlap into the "merits of plaintiff's underlying claim" because "class determination generally involves considerations that are enmeshed in the factual and legal issues comprising plaintiff's cause of action."  *Id.* (quoting *Falcon*, 457 U.S. at 160).

Plaintiffs "bear the burden of demonstrating that they have met each of the requirements of Federal Rule of Civil Procedure 23(a) and at least one of the requirements of Rule 23(b)."  *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 979-80 (9th Cir. 2011) (citing *Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1186 (9th Cir. 2001), amended by 273 F.3d 1266 (9th Cir. 2001)).

## **DISCUSSION**

## **I. Plaintiffs' Motion for Class Certification**

Defendants oppose Plaintiffs' Motion for Class Certification on the ground that Plaintiffs lack standing under Article III of the United States Constitution. Even if Plaintiffs have standing, Defendants also assert:

(1) the proposed class definition is improper;

(2) the proposed class fails to meet the requirements of Rule 23(a) for numerosity, commonality, typicality, or adequacy of representation; and

(3) Plaintiffs' claims do not meet the requirements of Rule 23(b)(3) for predominance and superiority.

### **A. Plaintiffs do not have standing under Article III.**

Defendants contend the Court must determine whether Plaintiffs have standing under Article III before considering the merits of class certification. Defendants assert Plaintiffs lack standing because the allegations in their FAC are "sham," none of these Plaintiffs are obligated to pay their providers for any services rendered, Plaintiffs have not suffered any economic injury, and Defendants have not denied Plaintiffs any medical care. Defendants also contend Plaintiffs are not entitled to injunctive relief because (1) three out of four Plaintiffs are no longer Health Net members, (2) the remaining Plaintiff who is a member no longer sees a naturopath, and (3) Oregon House Bill

8 - OPINION AND ORDER

3301 now requires insurers to allow naturopathic physicians to apply for credentials as primary-care providers.

In addition, Defendants note the naturopathic physicians agreed by contract with Defendants that they would not "balance-bill" members for services not covered without a signed agreement made in advance with the member. Defendants contend the letters subsequently sent by the naturopathic physicians to Plaintiffs demanding payment for services that Defendants did not cover were merely a pretense to establish Plaintiffs' standing by showing they were injured. Defendants point out that each Plaintiff testified during deposition that they understood they were not obligated to pay any of these bills from those providers.

Plaintiffs, in turn, contend the Court is not required to address Article III standing before addressing class certification. Plaintiffs assert they were injured by Defendants' alleged discriminatory practices when Plaintiffs received billing statements from the naturopathic physicians requiring Plaintiffs to pay for services not covered by their health plans, Plaintiffs subsequently incurred out-of-pocket expenses, and Plaintiffs reduced or discontinued medical care by their naturopathic physicians. Regardless of their payment obligations, Plaintiffs did not receive care after Defendants denied Plaintiffs coverage for services provided by the naturopathic physicians.

9 - OPINION AND ORDER

### 1. **Standards**

In *Easter v. American West Financial* the Ninth Circuit
held the district court properly addressed the issue of standing
before addressing the issues of class certification. 381 F.3d
948, 962 (9th Cir. 2004). The court held the borrowers of second
mortgage loans failed to establish investment trusts that
purchased borrowers' loans were juridically linked, and,
therefore, the named borrowers lacked standing to bring a class
action against the trusts. The borrowers, however, relied on
*Ortiz v. Fibreboard Corp.*, 527 U.S. 815 (1999), to support their
contention that courts must consider class certification before
addressing Article III standing. *Id.* The *Easter* court held:

> *Fibreboard* examined class issues before the
> question of Article III standing, [and] it
> did so in the very specific situation of a
> mandatory global settlement class.
> *Fibreboard* does not require courts to
> consider class certification before standing.
> *See Id.* [527 U.S.] at 831 (noting that a
> "court must be sure of its own jurisdiction
> before getting to the merits.").

381 F.3d at 962.

> In *Bates v. UPS* the Ninth Circuit stated:

> In a class action, standing is satisfied if
> at least one named plaintiff meets the
> requirements. See *Armstrong v. Davis*, 275
> F.3d 849, 860 (9th Cir. 2001). The plaintiff
> class bears the burden of showing that the
> Article III standing requirements are met.
> See *id.* at 860-61. As we know from the oft-
> repeated passages in *Lujan*, standing requires
> that (1) the plaintiff suffered an injury in
> fact, *i.e.*, one that is sufficiently

10 - OPINION AND ORDER

> "concrete and particularized" and "actual or
> imminent, not conjectural or hypothetical,"
> (2) the injury is "fairly traceable" to the
> challenged conduct, and (3) the injury is "likely"
> to be "redressed by a favorable decision." *Lujan
> v. Defenders of Wildlife*, 504 U.S. 555 (1992)
> (quotation marks and citations omitted).

511 F.3d 974, 985 (9th Cir. 2007)

In *Lierboe v. State Farm Mutual Automobile Insurance
Company* the court held plaintiffs who purport to represent a
class may not seek relief on behalf of themselves or any other
member of the class if they are unable to establish the requisite
case or controversy against the defendants. 350 F.3d 1018, 1022
(9th Cir. 2003). In addition, the court in *Mazza v. American
Honda Motor Co., Inc.,* held Article III standing requires the
plaintiffs to have "suffered an injury-in-fact" and that "the
injury is likely to be addressed by a favorable decision." 666
F.3d 581, 594-95 (9th Cir. 2012)(quoting *Bates*, 511 F.3d at 985).

## 2. **Analysis**

Although the Court may not be required to address
standing before addressing class certification, the Ninth Circuit
and Supreme Court have made it clear that the Court also is not
required to consider class certification without considering the
issue of standing. Indeed, the Court must ensure it has
jurisdiction before addressing the merits of a dispute.
Accordingly, the Court first analyzes the standing issues
beginning with the following undisputed facts:

11 - OPINION AND ORDER

Plaintiffs testified at deposition that they understood there could be an outstanding balance owed to their naturopathic physician, but they also understood they were not obligated and would not be required to pay for any services that were denied or beyond the co-payments that they made.

For example, on October 27, 2014, Plaintiff Fox-Quamme received care from Dr. Angela Rademacher, N.D., her naturopathic physician. On November 4, 2014, Defendants denied coverage for that care. According to Fox-Quamme, she did not receive any further billing for these services until February 2016 when Dr. Rademacher called to request payment of $1.00. Fox-Quamme paid that sum, but she did not make any further payments. In November 2014 Plaintiff Hess received care from Dr. Anne Hill, N.D., her naturopathic physician. Defendant denied coverage for those services. Hess, however, continued to see Dr. Hill until July 2015. Hess only discontinued Dr. Hill's care after Hess was in a motor-vehicle accident, Dr. Hill "didn't take ASH anymore," and Hess would have had to make a larger co-payment. In December 2015 Defendants initially denied Plaintiff Redfield's claim for care by Dr. Thomas Messinger, N.D., her naturopathic physician. Redfield appealed the denial of coverage, and Defendants paid the claim in March 2015 at the contract rate. Redfield was only responsible for the co-payment. In November 2014 Plaintiff O.W. saw Dr. Leigh Ann Chapman, N.D., his naturopathic physician.

12 - OPINION AND ORDER

Defendants denied O.W.'s claim for services in December 2014, but O.W. appealed and Defendants paid the claim in April 2015.

The Court notes Plaintiffs also allege they reduced or discontinued care with their naturopathic physicians as a result of Defendants' denials of coverage. Plaintiff O.W., however, is the only Plaintiff to testify that he did not go back to his doctor "because of the lack of coverage, and not wanting to incur further out-of-pocket medical expenses . . . we had to go to other providers."

On this undisputed record, the Court concludes Plaintiffs have not suffered any economic injury as a result of the denial of coverage for any care that they received. Thus, Plaintiffs have not met the requirement of "an injury-in-fact" inasmuch as none of the Plaintiffs are realistically threatened with a "likelihood of substantial and immediate irreparable injury" that is traceable to Defendants' conduct or that is likely to be redressed by a favorable decision.

Accordingly the Court concludes Plaintiffs lack Article III standing.

## B. **Plaintiffs' proposed class definition is overbroad.**

Defendants contend even if Plaintiffs have standing, Plaintiffs' proposed class definition is overbroad and unrelated to these particular facts or to Plaintiffs' legal theory. Defendants assert the proposed class includes (1) members who do

not have naturopathic services as part of their insurance
benefit, (2) members who have not seen a naturopathic physician,
(3) members who saw a naturopathic physician and whose claims
were accepted, and (4) members who lacked standing under the
Employee Retirement Income Security Act (ERISA), 19 U.S.C.
Ch. 18, as of the date the Complaint was filed.  Defendants
assert the proposed class is "untethered to whether putative
class members had naturopathic benefits, sought naturopathic
services, will seek naturopathic services, submitted claims for
naturopathic service and had their claims denied in the past, or
are likely to have their claims denied in the future" and
includes those who have not been nor may be harmed in the future
by Defendants' alleged wrongdoing.  Thus, even if the Court were
to certify such a class, Defendants contend the Court would be
required to have "hundreds, if not thousands" of hearings to
determine whether an individual class member qualified for
recovery.

Plaintiffs, in turn, contend their claims against Defendants
are for violation of § 2706 of the ACA, which prohibits
discrimination with respect to coverage against any health-care
provider who is acting within the scope of its license.
Plaintiffs assert the proposed class encompasses those who have
suffered from Defendants' alleged discriminatory practices with
regard to naturopathic physicians who provide "conventional care"

14 - OPINION AND ORDER

that falls within the coverage of Defendants' health plans.

Plaintiffs' proposed class definition as stated in their FAC
includes:

> "[A]ll enrollees in Defendants' benefit plans
> established by an employer engaged in
> commerce (the "Class").

Plaintiffs also contend Defendants' failure to comply with § 2706
reduced patients' access to care by naturopathic physicians and
has had a direct impact on whether naturopathic physicians join
or remain a part of the provider network.

### 1.   Standards

"It is well settled that in addition to meeting the
explicit requirements of Rule 23, a party seeking class
certification must meet certain implicit 'threshold'
requirements, namely, those of establishing that an identifiable
class exists and that the representative plaintiff is a member of
the proposed class. *See* 5 *Moore's Federal Practice* § 23.20
(Matthew Bender 3d ed.)(citing, *inter alia*, *In re A.H. Robins
Co., Inc.,* 880 F.2d 709, 728 (4th Cir. 1989))." *Tidenberg v.
Bidz.com*, No. CV 08-5553 PSG FMOX, 2010 WL 135580, at *2 (C.D.
Cal. Jan. 7, 2010).

A proposed class is overly broad when the class
definition includes those who have not been harmed by a
defendant's alleged wrongful conduct. "[I]f the [class]
definition is so broad that it sweeps within it persons who could

not have been injured by the defendants' conduct, it is too
broad." *Moore v. Apple, Inc.,* 309 F.R.D. 532, 542 (N.D. Cal.
2015)(quoting *Kohen v. Pac. Inv. Mgmt, Co., LLC,* 571 F.3d 672,
677 (7th Cir. 2009).

## 2.   Analysis

The Court finds Plaintiffs' definition of the proposed
class includes persons who could not have suffered any injury as
a result of the alleged discriminatory conduct of Defendants
because Plaintiffs' definition includes all persons who were
members in a Health Net plan regardless whether the plan included
coverage for services by a naturopath or whether the person
actually used such services.   The definition also includes
members who saw a naturopathic physician; whose claims were
accepted and paid; and who, therefore, did not suffer any injury.
In addition, the definition includes members who lacked ERISA
standing as of the date the Complaint was filed.

On this record the Court concludes even if Plaintiffs
had Article III standing, their proposed class definition is
overbroad.

## C.   **Plaintiffs do not meet Federal Rule of Civil Procedure 23(a) requirements**.

Defendants also contend even if Plaintiffs have standing,
Plaintiffs do not meet the requirements of Rule 23(a):
numerosity, commonality, typicality, and adequacy of
representation.

16 - OPINION AND ORDER

### 1.    Numerosity

Plaintiffs must establish the class is so large that joinder of all members is impractical.  Fed. R. Civ. P. 23(a)(1).

In their FAC Plaintiffs allege "there are several thousand persons in the class."  In their Motion for Class Certification Plaintiffs state:  "Numerous individuals have also been denied coverage of [naturopathic physician] services since January 2014, several of which have submitted appeals to ASH that are in the record.  By any standard the proposed class exceeds 40 individuals. . . ."  Plaintiffs also contend Plaintiff Fox-Quamme's employer-issued group plan alone comprises more than 50 individuals.  Plaintiffs rely on the Declaration of their counsel submitted in support of Plaintiffs' Motion in which he states:

> I conferred with Defendant's counsel on May 5,
> 2016, regarding the scope of Plaintiffs' proposed
> class.  Defense counsel has asserted that since
> January 1, 2014, Health Net and ASH denied 120
> claims of coverage for [naturopathic physician]
> services.  In that same time period Health Net and
> ASH received 384 requests for coverage of
> [naturopathic physician] services.  The
> approximate value of those denied claims is
> $12,000.  Based on belief and counsel's
> representations, Plaintiffs rely on those facts.

Decl. of Thomas K. Doyle (#79-1) at ¶ 19.

Defendants, however, contend Plaintiffs fail to provide any actual evidence of numerosity, and the information given by defense counsel was merely an estimate.

17 – OPINION AND ORDER

### a.    Standards

"A party seeking class certification must affirmatively demonstrate his compliance with the Rule - that is, he must be prepared to prove that there are *in fact* sufficiently numerous parties. . . ."  *Wal-Mart Stores v. Dukes*, 564 U.S. 338, 350 (2011)(emphasis in original).

The numerosity prerequisite does not impose an absolute requirement on the number of individuals comprising the class.  *Gen. Tel. Co. of the NW v. EEOC*, 446 U.S. 318, 330 (1980).  The plaintiffs, however, must provide "reliable evidence" to show the number of potential members of the class. *See Smith v. City of Corvallis*, No. 6:14-cv-01382, 2016 WL 3193190, at \*10 (D. Or. June 6, 2016).

### b.    Analysis

The Court has concluded Plaintiffs' proposed class definition of all persons enrolled in Health Net plans is overbroad, and neither that definition nor counsel's hearsay declaration as to the number of denied claims constitutes "reliable evidence" to show the number of potential class members that may exist beyond the Plaintiffs themselves.

On this record, therefore, the Court concludes Plaintiffs have not met the numerosity requirement of Rule 23(a)(1).

18 - OPINION AND ORDER

## 2.   Commonality

Plaintiffs also must establish there are one or more questions of law or fact common to the class.   Fed. R. Civ. P. 23(a)(2).

In their FAC Plaintiffs allege their claims raise the following common questions of law and fact:

> a.   Whether Defendants discriminated against [naturopathic physicians] with respect to participation under the Plans or coverage of services provided under the Plans;
>
> b.   Whether Defendants' varying reimbursement rates for [naturopathic physicians] were based on credential type rather than objective quality or performance measures; and
>
> c.   Whether participants in the Plans are entitled to relief under 29 U.S.C. § 1132 for violations of 42 U.S.C. § 300gg-5.

FAC at ¶ 45.

Defendants contend Plaintiffs' questions of unspecified "discriminatory practices" with regard to participation by naturopathic physicians, coverage of services, and reimbursement rates are so broad that they cannot satisfy the commonality requirement.   Moreover, Defendants assert liability cannot be determined absent individual factual inquiries because of the various factors involved in the handling of each participant's claims.

### a.   Standards

Commonality requires "claims must depend upon a

19 - OPINION AND ORDER

common contention . . . of such a nature that it is capable of classwide resolution - which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart Stores v. Dukes*, 564 U.S. 338, 350 (2011). "[T]his provision requires plaintiffs to 'demonstrate that the class members have suffered the same injury,' not merely violations of 'the same provision of law.'" *Parsons v. Ryan*, 754 F.3d 657, 674-75 (9th Cir. 2014)(citing *Wal-Mart*, 563 U.S. at 349).

## b. Analysis

Here Plaintiffs' claims revolve "around the central question of whether Defendants' discriminatory practices against [naturopathic physicians] violated Section 2706." Resolution of that question would not establish class members "suffered the same injury" from the same discriminatory practices. Indeed, in order to determine whether "discriminatory practices" occurred and what injuries such practices may have caused would require a case-by-case analysis of the facts related to each individual member of the class, which would defeat the requirement of commonality for certification of a class.

On this record the Court concludes Plaintiffs have not established class members suffered the same (or, in fact, any) injury as a result of the same allegedly discriminatory practices even if Defendants violated § 2706.

20 - OPINION AND ORDER

### 3.   Typicality

Plaintiffs also must establish the named parties' claims are typical of the class.  Fed. R. Civ. P. 23(a)(3).

In their FAC Plaintiffs allege the prerequisite of typicality has been met "because [Plaintiffs'] claims and the claims of the members of the Class are substantially similar in that they arise from Defendants' standard and uniform provider reimbursement policy."  FAC at ¶ 46.  Plaintiffs contend they, together with all class members, are participants in the plans administered by Defendants and all of those plans contain a provision requiring compliance with state and federal laws.  In addition, Plaintiffs assert all plan participants were injured by Defendants' alleged discriminatory practices against naturopathic physicians, which resulted in reduced access to such services.

Defendants, in turn, contend Plaintiffs' claims are not typical of class members and none of the Plaintiffs have sustained an injury (as previously discussed under Article III standing).

#### a.   Standards

"The test of typicality 'is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.  Typicality refers to the nature of the claim or defense

of the class representative, and not to the specific facts from
which it arose or the relief sought.'" *Ellis v. Costco Wholesale
Corp.*, 657 F.3d 970, 984 (9th Cir. 2011)(quoting *Hanon
v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992)).

### b.   Analysis

Defendants initially denied the claims of two
Plaintiffs (Redfield and O.W.), but later Defendants paid those
claims.   Three Plaintiffs (Fox-Quamme, Redfield, and O.W.) are no
longer Health Net members, and two Plaintiffs (Fox-Quamme and
O.W.) lack ERISA standing because they were not Health Net
members at the time the original Complaint was filed.   *See Hansen
v. Harper Excavating*, 641 F.3d 1216, 1223-24 (10th Cir. 2011)
("ERISA standing is assessed as of the filing of a complaint.")
(citing *Harris v. Provident Life & Accident Ins. Co.*, 26 F.2d
930, 933 (9th Cir. 1994)).   The Court concludes none of named
Plaintiffs' claims are typical of members who have health plans
effective after January 1, 2016, when the fundamental benefit
plan was modified as a result of a change in Oregon law.[1]   Even
if named Plaintiffs could prove Defendants discriminated against
them, the Court concludes it would still be necessary to
determine as to each class member whether such discrimination was

---

[1]   Oregon House Bill 3301 (2015) modified Oregon Revised
Statute § 743B.407 to require that insurers allow naturopathic
physicians the choice of applying to be credentialed as a
primary-care provider or as a specialty-care provider.

the basis for Defendants' denial of their individual claims.

Having already determined named Plaintiffs lack standing under Article III on the basis that they have not sustained an injury, the Court also concludes their claims would not be typical claims for all class members. Moreover, it is not clear from this record that other potential class members have been injured by Defendants' conduct.

Accordingly, the Court concludes named Plaintiffs' have not established their claims are necessarily typical of potential class members' claims.

### 4.   Adequacy of Representation

Finally, Plaintiffs must establish the class representatives will fairly and adequately protect the interests of other members of the class.  Fed. R. Civ. P. 23(a)(4).

In their FAC Plaintiffs allege they meet this requirement "because they share the same interests as members of the Class and have retained . . . counsel who is competent and experienced in complex class actions."  FAC at ¶ 47.  Plaintiffs contend they are motivated to resolve the legal issues affecting all class members, they do not have any conflicts that would interfere with representation, and they have retained competent counsel.

Defendants, however, contend named Plaintiffs do not adequately represent the class members because they do not have

standing under Article III, they have interests that conflict with the interests of the class, and they do not have sufficient knowledge of the litigation process or their claims to adequately represent potential class members.  Defendants point out that named Plaintiffs testified in their depositions that they represent the interests of naturopathic physicians (Practitioner Plaintiffs, however, are no longer parties to this action) and view the case as vindicating the interests of third parties (naturopathic physicians).  Moreover, Plaintiffs do not appear to have a basic understanding of the process or their role in this litigation; for example, Plaintiff Fox-Quamme stated her role as class representative was to "be honest and answer questions," Plaintiff Redfield similarly stated her role as class representative was to "speak the truth of what happened," and neither Plaintiffs Hess nor Redfield had read the Complaints filed in this case.

### a.  Standards

To determine whether named Plaintiffs adequately represent a class, the Court must resolve two questions:  "(1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?  Adequate representation depends on, among other factors, an absence of antagonism between representatives

and absentees and a sharing of interests between representatives
and absentees." *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970,
985 (9th Cir. 2011)(citations omitted).

### b. Analysis

Although there is not any basis in the record to
suggest that Plaintiffs and their counsel would fail to prosecute
this action vigorously, there is a question as to the real
interests at the heart of this case. As noted, the crux of
Plaintiffs' claims is the denial of services or access to
services based on Defendants' alleged discriminatory conduct as
to naturopathic physicians. The named Plaintiffs have expressed
their view that they are here to "vindicate" those physician's
rights. Indeed, Plaintiff Fox-Quamme testified in her deposition
that "[w]e're representing the naturopathic physicians," and she
stated Plaintiffs were seeking "justice" for the naturopathic
physicians. Fox-Quamme also described this case as a
"discrimination lawsuit because we feel like the naturopathic
physicians have been discriminated against." Fox-Quamme Dep. at
25. Plaintiff Hess also testified in her deposition that she
believes she represents herself and the naturopathic physicians.
Hess Dep. at 19-20. Plaintiff Redfield appears to be pursuing a
personal grievance based on Defendants' denial of her follow-up
care. Redfield Dep. at 16-17. Erika Weisensee, Plaintiff O.W.'s
mother, was unable to state what she is seeking as she plans to

25 - OPINION AND ORDER

"never have coverage from Health Net again." Weisensee Dep. at
82-83.

In summary, on this record the Court concludes even if
named Plaintiffs and their counsel vigorously prosecute this
matter, there appears to be a conflict regarding whose interests
are paramount in the prosecution of this case. Thus, the Court
concludes named Plaintiffs do not satisfy the requirements of
Rule 23(a).

## D.   **Plaintiffs do not meet Federal Rule of Civil Procedure 23(b)(3) requirements**.

Even if Plaintiffs had satisfied the requirements of Rule
23(a), under Rule 23(b)(3) the Court must determine whether
"questions of law or fact common to class members predominate
over any questions affecting only individual members, and . . .
[whether] a class action is superior to other available methods
for fairly and efficiently adjudicating the controversy."

### 1.   **Predominance**

In their FAC Plaintiffs allege they are in compliance
with the predominance requirement of Rule 23(b)(3) "because the
questions of law and fact common to the Class predominate over
questions affecting individual members of the Class." FAC at
¶ 48.  Plaintiffs assert the central legal issue as to
Defendants' discrimination against naturopathic physicians
applies to all class members and health-plan participants and
that issue has not been addressed by any court.

Defendants, however, contend the individualized circumstances of the claimants predominate in light of the fact that the determination of liability cannot be made without considering each claimant's circumstances. To ascertain liability Defendants assert the Court must determine, among other things (1) whether the class member's plan has naturopathic services as part of its benefits; (2) whether the class member was interested in seeing, attempting to see, or seen by a naturopath; (3) whether the class member has standing by being enrolled in a plan as of July 7, 2015, when the initial Complaint was filed; (4) whether the class member saw a naturopath and received care; (5) the grounds for denial if Defendants denied services to a class member; (6) whether the class member has any out-of-pocket losses; and (7) whether the class member exhausted the member's administrative remedies and what was the outcome of that exhaustion. According to Defendants, each of these issues is an individualized inquiry and, therefore, questions of law or fact common to class members do not predominate.

### a. Standards

A "central concern of the Rule 23(b)(3) predominance test is whether 'adjudication of common issues will help achieve judicial economy.'" *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 944 (9th Cir. 2009)(quoting *Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1189 (9th Cir.

27 - OPINION AND ORDER

2001)). The predominance inquiry is far "more demanding" than the commonality requirement of Rule 23(a) and imposes on the Court the "duty to take a 'close look' at whether common questions predominate over individual ones." *Comcast Corp. v. Behrend*, 133 S. Ct. 1426, 1432 (2013).

When "determining whether common issues predominate in accordance with Rule 23(b)(3), . . . differences among class members' claims are crucial." *Ginsburg v. Comcast Cable Commc'ns Mgmt., LLC*, No. C11-1959RAJ, 2013 WL 1661483, at *5 (W.D. Wash., Apr. 17, 2013).

### b.  Analysis

Here liability cannot be determined without considering the individual circumstances of named Plaintiffs and any other class member. As noted by Defendants, individual issues would have to be resolved; for example, what a particular member's plan provided, whether the class member saw or tried to see a naturopathic physician, the reason for any denial of coverage, whether the class member appealed the denial, and whether the individual has proper standing.

On this record the Court concludes Plaintiffs fail to show that "common questions predominate over individual ones."

### 2.  Superiority

In their FAC Plaintiffs allege they are in compliance with the superiority requirement of Rule 23(b)(3) on the basis

that "[a] class action is a superior method to adjudicate those claims because the expense and burden required to pursue this litigation will likely exceed the damages suffered by any one member of the Class." FAC at ¶ 48. Plaintiffs assert the low value of each individual plan member's claim points to a class action as the most efficient method to resolve this dispute.

Defendants, however, contend Plaintiffs' argument of "low value" is conclusory without any evidence of the amount of the alleged damages at issue. Moreover, because 29 U.S.C. 1132(g)(1) provides for recovery of attorneys' fees and costs, Defendants contend there is "no lack of incentive" for class members to sue individually.

### a.   Standards

When considering the superiority requirement, the Court must determine (1) the class members' interest in controlling their own actions, (2) "the extent and nature of any litigation concerning the controversy already begun by or against class members," (3) "the desirability or undesirability of concentrating the litigation of the claims in the particular forum," and (4) "the likely difficulties in managing a class action." Fed. R. Civ. P. 23(b)(3)(A)-(D).

### b.   Analysis

Although the low value of each individual member's claim would support the efficiency of a class action, the Court

29 - OPINION AND ORDER

has already concluded actual liability cannot be determined without considering facts unique to each individual. As a result, significant resources would be required. Thus, the benefit of a single action would be defeated by the fact-intensive consideration of each individual's claim.

On this record the Court concludes Plaintiffs fail to show the superiority of a class action over the individual claims of potential class members.

In summary, the Court concludes Plaintiffs have failed to meet the requirements for certification of a class action, and, therefore, the Court denies Plaintiffs' Motion for Class Certification.

## II.  Defendants' Motions to Strike

Defendants move to strike Exhibits 22 and 26-29, which are declarations of several naturopathic physicians[2] submitted with Plaintiffs' Reply (#79) in support of their Motion for Class Certification. Defendants note Plaintiffs bear the burden to produce evidence that meets the requirements of Rule 23, and any such evidence should have been submitted with Plaintiffs' original Motion for Class Certification. Thus, according to Defendants, this evidence is now untimely, and, in any event, Defendants have not had the opportunity to respond to the

_____

[2]  None of these physicians treated any named Plaintiffs in this case, and only one of them (Dr. Jeff Clark) was previously a party to this litigation.

30 - OPINION AND ORDER

evidence. In addition, Defendants contend this evidence is inadmissible, irrelevant, and/or unreliable. Defendants further contend the declarations do not show Plaintiffs suffered an injury and the naturopathic physicians' statements are speculative, are conclusory, lack foundation, are improper opinion testimony, are inadmissible because they contain hearsay as to unnamed patients' states of mind, and are irrelevant to the Court's analysis under Rule 23.

## A. Standards

To the extent that an affidavit submitted with a reply presents new information, it is improper and may be stricken and disregarded. *See Tovar v. U.S. Postal Serv.*, 3 F.3d 1271, 1273 n.3 (9th Cir. 1993). A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Fed. R. Evid. 602. A declaration must be based on personal knowledge and set out admissible facts. Fed. R. Civ. P. 56(c)(4). Opinion testimony of a lay witness must be "predicated upon concrete facts within the witness's own observation and recollection - that is facts perceived from their own senses, as distinguished from their opinions or conclusions drawn from such facts." *U.S. v. Durham*, 464 F.3d 976, 982 (9th Cir. 2006).

## B. Analysis

In the case of *In re Flash Memory Antitrust Litigation* the

31 - OPINION AND ORDER

plaintiffs submitted the declaration of an expert with their reply in support of their motion for class certification. No. C 07-0086 SBA, 2010 WL 2332081, at *15 (N.D. Cal. June 9, 2010). The California court stated:

> [T]he Court does not consider new arguments or evidence presented for the first time in a reply. *See In re Rains*, 428 F.3d 893, 902 (9th Cir. 2005). Since it is Plaintiffs' initial burden to demonstrate the existence of an ascertainable class, such evidence should have been proffered with Plaintiff's moving papers in order to afford Defendants a full and fair opportunity to respond.

*Id.*

Here the declarations submitted with Plaintiffs' Reply introduce new evidence that Defendants have not had the opportunity to rebut. Moreover, none of the declarants refer to named Plaintiffs nor indicate they treated named Plaintiffs. The Court concludes the declarations are speculative and conclusory as to why other patients may not have sought care from naturopathic physicians, and the declarations include hearsay by other patients offered for the truth of the matter asserted.

The Court, therefore, has not considered the declarations submitted with Plaintiffs' Reply. Accordingly, the Court denies as moot Defendants' Motions to Strike these declarations.

## CONCLUSION

For these reasons, the Court **DENIES** Plaintiffs' Motion (#62) for Class Certification and **DENIES as moot** Defendants' Motions

(#80, #81) to Strike Certain Evidence in Support of Plaintiffs'
Reply.

The Court directs the parties to confer and to submit a
Joint Status Report **no later than March 24, 2017,** summarizing the
issues that remain for resolution together with a jointly
proposed case-management schedule to do so.

IT IS SO ORDERED.

DATED this $9^{n}$ day of March, 2017.

anna g Bom

ANNA J. BROWN
United States District Judge

33 - OPINION AND ORDER